IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

CHRISTINA CINAGLIA,                *

    Plaintiff,                  *

    v.                           *       CIVIL NO.: WDQ-10-2172

DENNIS PAUL BENEVICZ              *

    Defendant.                  *

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

MEMORANDUM

Defendant Dennis Paul Benevicz sought exclusion of five documents relied upon by Plaintiff Christina Cinaglia's maritime expert Captain Richard Dein.[1] ECF Nos. 69, 72. *Id.*

Benevicz made three arguments why these documents are unreliable: (1) he was not aware of them, (2) they prejudicially raise the issue of insurance, and (3) they are not authoritative. ECF No. 69-1. The foundation of an expert's opinion must be reliable to be admissible. *See Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 595 (1993)

---

[1] (1) July 2001 *Seaworthy* magazine article "Rocking Boats and Flying Feet," (2) *Seaworthy Essential Lessons* book, (3) *Faster Powerboat Steaming Ship: The Complete Guide to Boat Handling, Navigation and Safety*, (4) *Sport Boat Owner's Manual*, and (5) U.S. Coast Guard Boating Safety Circular 75. Benevicz also sought exclusion of the Boston Whaler 190 Outrage manual. ECF No. 69. Cinaglia has agreed to instruct Dein not to rely on this manual. ECF No. 73 at 1-2.

Benevicz's familiarity with the documents is not relevant. The duty of care in negligence is not based on personal knowledge but the conduct of a person of ordinary prudence in similar circumstances. *See Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 629 (1959); *Bubla v. Bradshaw*, 795 F.2d 349, 353 (4th Cir. 1986).

Benevicz has also overstated the insurance concern. Boat U.S., the publisher of *Seaworthy*, offers insurance. *See* ECF No. 69-4. That Boat U.S. is involved with insurance and the stories of *Seaworthy* derive from insurance claims has nothing to do with this particular accident or whether Benevicz is insured. Fed. R. Evid. 411 prohibits evidence of liability insurance to show negligence. Rule 411 does not bar reliance on the *Seaworthy* documents, and they are not unfairly prejudicial. *See* Fed. R. Evid. 403.

Finally, Benevicz has asserted that these sources are not authoritative, but has presented no supporting evidence. *See* ECF Nos. 69, 72. These documents appear authoritative. Dein, an expert, has relied upon them. Benevicz may cross-examine Dein about his use of these publications. *See Daubert*, 509 U.S. at 596.

Accordingly, Benevicz's motions in limine (ECF Nos. 69, 72) were denied.

_3/5/13_  
Date

_____  
William D. Quarles, Jr.  
United States District Judge